# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

## EPITOMIZED OPINIONS
## Published only in the Abstract

No. 501

ALLGIRE v. SPARLING, Admr. et.

Ohio Appeals, 3rd Dist., Hancock Co.

No. 225. Decided March 4, 1927.

1100. SPECIFIC PERFORMANCE—Personal property—Title—Administrator—Creditors—1. In an action against the administrator of an estate for property of deceased based upon a contract entered into during lifetime of deceased with plaintiff, where such property is in the hands of administrator in the form of funds by reason of a replevin suit brought against plaintiff in a former action, said plaintiff is not a creditor of the estate within the meaning of 10746 GC. but her action is one in specific performance.

2. Such claims are not against the estate, but are actions to determine the title to the property.

(Before Judges Warden, Crow and Hughes)

### First Publication of this Opinion

HUGHES, J.

Alta Allgire brought this action in the Hancock Common Pleas for what she claimed to be specific performance of a contract made between her and Sarah Allgire. B. D. Sparling, the administrator and the heirs of Sarah Allgire were joined as party defendants.

It was alleged that Sarah Allgire died intestate leaving no husband and that during her lifetime she contracted with plaintiff and her father, now deceased, wherein it was agreed that plaintiff and her father, or the survivor thereof should continue to live with her and make her a pleasant and comfortable home, and she would make provision that plaintiff or her father or the survivor thereof, should have all personal property owned by the said Sarah Allgire at her death.

It was claimed that all things were done as were required under the contract, but that Sarah Allgire failed to make such provisions; that the personal property was in possession of said plaintiff who delivered to Sparling, upon his appointment as administrator, a note for $1000 which was sufficient to pay the debts of the estate but refused to deliver the balance of the property. Sparling in a replevin action recovered judgment against this plaintiff for $4600, this being the value of the property, which was paid by this plaintiff.

A general demurrer was filed to the petition and also a joint demurrer by the several defendants on the ground that there is a misjoinder of parties defendant and a defect of parties defendant. The administrator filed a demurrer on the ground that plaintiff's action was not brought within the time limited for comencement of such action. All demurrers were sustained and judgment was entered, dismissing plaintiff's cause from which judgment, error was prosecuted. The Court of Appeals held:—

1. There is a misjoinder of parties defendant for the reason that the suit involves the personal property of the deceased, and hence the administrator is the only party entitled to its possession until it is distributed according to law to the lawful distributees. The heirs at law are not proper or necessary parties in this action.

2. The contract alleged is based upon a good and valuable consideration and hence sets forth a good cause of action involving the personal estate of deceased.

3. It was urged by the administrator that inasmuch as the replevin suit resulted in placing in his hands nothing but money that any judgment entered in favor of the plaintiff against him could be for payment of money only and therefore the plaintiff became a creditor of the estate, so that she was required to present her claim with the administrator and to sue it within the statutory time, or else be barred thereafter from a recovery.

4. In the replevin suit a re-delivery bond was given by Allgire and the administrator had his election to accept the property or its appraised value. When the money came into his hands, it was the same estate he was called upon to administer, for when he took the appraised value and received the money, it was in lieu of the property involved. Hence the claim of plaintiff in this case may be asserted against the fund, the same as though it were in the form of specific articles involved in the replevin suit.

5. The judgment which plaintiff seeks would not be a money judgment; but would be an order directed to the administrator, to distribute to her, all of the personal estate remaining after the payment of just claims; and plaintiff would not therefore be a creditor within the meaning of 10746 GC.

6. In cases involving similar questions, the courts have used expressions to indicate that such claims are not against the estate, but are actions to determine title to the property, or that such actions are not attempts to fix a debt against the estate, but an action to recover propery held by an administrator impressed with a trust.

7. Plaintiff's action is in specific performance and the court below erred in sustaining the demurrer upon the ground that the petition did not state a cause of action upon the ground that the action was not brought within the statutory time; and the judgment is re-

versed and cause remanded to this extent with instructions to the court of common pleas to overrule the general demurrer of the administrator and his special demurrer upon the ground that the action is barred, and to permit plaintiff to amend in conformity therewith.

Judgment accordingly.

Attorneys—John E. Betts, Findlay, and G. O. Farquharson, Cleveland, for Allgire; W. H. Kinder, Findlay, for Sparling.